MUNROE *v.* TOUSEY. (No. 2.)

*(Supreme Court, General Term, First Department.   January 13, 1891.)*

RIGHT TO COSTS—MULTIPLICITY OF SUITS.

   Plaintiff brought two actions to restrain defendant from using a certain *nom de plume* in different publications, all of which might have been embraced in one action; and evidence taken in the first action was used, also, in the second. *Held* that, on judgment for plaintiff in both actions, no costs should be awarded in the second action to plaintiff as against defendant.

Appeal from special term, New York county.

· Action by George Munroe against Frank Tousey.   The questions involved and judgment rendered in this case are the same as those in the one immediately preceding between the same parties.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*William H. Townley*, for appellant.   *Roger Foster*, for respondent.

BRADY, J.   The disposition of this appeal is controlled by the judgment pronounced in action No. 1, between the parties hereto, and herewith decided   The questions involved are kindred, and the evidence as well, the only suggestion requiring consideration being whether the defendant should be required to pay the costs which were awarded against him.   There is no doubt that the publications complained of here could have been embraced in action No. 1 between the parties, and already alluded to.   Both actions are on the equity side, and the costs therefore discretionary.   There appears not upon the record any reason why the two causes should not have been joined in the other action, and for this reason the costs should not have been awarded to the plaintiff.   At law each publication was a cause of action, doubtless, but if prosecuted even in that mode the separate actions might nevertheless be consolidated; but this method of procedure in equity is not indispensable as to the question of costs in regard to which the the plaintiff takes the peril of facts and circumstances affecting it.   It appears, and it has some bearing on the subject, that some evidence relating to this action was taken in the other, and thus to some extent at least they proceeded *pari passu* together.   A multiplicity of actions is not favored in equity, and, if indulged in, that circumstance must have an important influence upon the allowance or disallowance of costs as a matter of discretion.   This action being

one which was not required to redress the plaintiff's wrongs, and therefore unnecessary, the plaintiff should have been compelled to pay his own costs. It was, under the circumstances, sufficient punishment to him to oblige the defendant to pay his own costs, in addition to the costs in the other action. The judgment should therefore be modified by reversing it as to costs awarded against the defendant, and affirmed as to the balance, without costs to either party.    Ordered accordingly.    All concur.